**Susie POHLE et al., Plaintiffs-Appellants,**

**v.**

**Charles A. HOOTEN and Betty Hooten, Defendants-Respondents.**

**No. 9502.**

Missouri Court of Appeals, Springfield District.

Jan. 17, 1975.

Routh & Turley, Rolla, for plaintiffs-appellants.

Melvin E. Carnahan, Rolla, for defendants-respondents.

REX A. HENSON, Special Judge.

This is an action to reform a deed to real property to make the description of

the real property described in the deed conform to the description contained in a prior contract for the sale of the said real property.

In 1951 plaintiff-appellant Susie Pohle (also known as Susie Beckham and Susie Foree) was the owner of a tract of land on Highway 66 west of Rolla, Phelps County, Missouri. A part of the land owned by Mrs. Pohle was between Old and New Highways 66, but a portion of the land was also to the north of New Highway 66. New Highway 66 is north of Old Highway 66. On August 1, 1951, Mrs. Pohle entered into a contract with Lena Sauer, deceased mother of defendant-respondent Betty Hooten, and defendants' predecessor in title. Under the terms of this contract the plaintiff Pohle agreed to sell and Lena Sauer agreed to buy the following described tract of land in Phelps County, Missouri: "The Susie Beckham farm lying between the Old and New Highway #66 West of Rolla, Missouri." Thereafter, on October 2, 1951, plaintiff Susie Pohle and her then husband executed and delivered to Lena Sauer a general warranty deed and a consideration of $11,000 was paid by Mrs. Sauer. The warranty deed described land in Phelps County, Missouri, as follows:

> "All of the South Half of Lot One of the Northwest Quarter and all of that part of the North Half of Lot One of the Southwest Quarter lying North of Federal Highway #66, all in Section Seven, Township Thirty-seven North, Range Eight West in Missouri."

It is important to note that the above description included the property between Old and New Highways 66 and also included that property owned by the plaintiff Susie Pohle north of New Highway 66. Plaintiffs in their petition allege that the above description was erroneous and did not describe the property which was intended to be conveyed and which was described in the prior contract of sale. Plaintiffs contend that the description

should have included only that property between the old highway and the new highway and should have been as follows:

> "All of that part of the South Half of Lot One of the Northwest Quarter; and that part of the North Half of Lot One of the Southwest Quarter, lying between Old and New Highway #66, all in Section Seven, Township Thirty-seven North, Range Eight West, in Missouri."

Lena Sauer died on November 4, 1969, and by conveyances both before and after her death all of her interest in the land involved in this lawsuit has devolved upon the defendants Charles A. Hooten and Betty Hooten. It also appears from the evidence that on January 16, 1954, plaintiff Pohle deeded all of the above described land lying north of New U.S. Highway No. 66 to her son, Oscar S. Beckham, Jr., one of the plaintiffs herein. The legal description of the property conveyed in that deed is that land situate in Phelps County, Missouri, as follows, to-wit:

> "All that fractional part of the Southeast One-Fourth of the Northwest One-Fourth lying North of the present existing new U.S. Highway 66 lying in Section 7, Township 37, North Range 8 West in Phelps County, Missouri, containing thirty five acres, more or less."

Subsequent to the sale both parties have claimed the tract north of New Highway 66. The evidence indicated that Mrs. Sauer and her successors in title fenced the land, leased it and planned to build a home on it. Mrs. Pohle apparently paid real estate taxes on the property for many years, through 1971, and as indicated above she deeded the property north of the new highway to her son in 1954.

In this action plaintiffs seek to reform the deed dated October 2, 1951, to conform to the description of the land contained in the sales contract of August 1, 1951. In the trial of the case plaintiffs offered in evidence the contract of sale dated August 1, 1951, and based upon the Dead Man's

Statute, § 491.010, RSMo 1969, V.A.M.S., the trial court refused to admit the contract into evidence or to consider the same in deciding the case. During the trial plaintiff Pohle identified her own signature on the contract of sale, but the trial court refused to allow Mrs. Pohle to identify the signature of the decedent, Lena Sauer, because of the Dead Man's Statute. The trial court dismissed plaintiffs' petition and decreed that fee simple title to the disputed tract was vested in defendants. The plaintiffs then prosecuted their appeal to this court.

The major issue presented for determination here is whether the trial court erred in refusing to admit the contract of sale dated August 1, 1951, in evidence. Section 491.010, RSMo 1969, V.A.M.S., otherwise known as the Missouri "Dead Man's Statute", provides "that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him". In the judgment below, the trial court specifically ruled that the contract of sale between the plaintiff Pohle and defendants' predecessor in title "cannot be considered by the Court because of Section 491.010 RSMo 1969, the Dead Man's Statute".

■ Plaintiffs' argument rests upon the position that "[a] witness, even though disqualified under the 'Dead Man's Statute' may, nevertheless, testify as to the deceased's handwriting." Gantz v. American National Bank, 420 S.W.2d 8, 11 [4] (Mo. App.1967) ; Reidinger v. Adams, 266 S.W. 2d 610, 613 [3] (Mo.1954). While these cases might be challenged on the ground that the "handwriting" exception is mentioned only in the second clause of the statute (that dealing with suits against executors and administrators), the exception has apparently been applied to both clauses of the statute. Stephenson v. Stephenson, 351 Mo. 8, 16, 171 S.W.2d 565, 568 [5]

(1943). It would thus appear that the testimony of the plaintiff Pohle to the effect that Lena Sauer, the decedent, signed the contract was admissible.

■ Defendants have urged that because of plaintiff Pohle's testimony as to her own signature on the contract the instrument should be barred by the Dead Man's Statute because the document was not properly identified or authenticated and was hence inadmissible. In our judgment there is little to recommend this position. At no point in the pleadings did defendants deny that Mrs. Sauer entered into the contract with Mrs. Pohle and it appears from a reading of the transcript and the briefs of the parties that the execution of the document was not really an issue at the trial of this cause. " 'When the execution of a writing is not in issue but only the contents or the facts of the existence of such a writing, proof of execution or authenticity is unnecessary.' " Mincielli v. Sloan's Moving and Storage Company, 303 S.W.2d 17, 20 [5] (Mo.1957). So far as identification is concerned, the contract would seem to speak for itself. It is thus concluded that the contract was admissible and should have been considered by the trial court.

In their brief plaintiffs point out other alleged errors committed by the trial court. We do not consider a discussion of those issues necessary or needful at this time in view of our opinion that the trial court committed reversible error in failing to admit in evidence the contract of sale.

This cause is remanded to the Circuit Court of Phelps County for a new trial in conformity with this opinion. It is so ordered.

BILLINGS, C. J., and STONE and TITUS, JJ., concur.

HOGAN, J., not participating.

FLANIGAN, J., not participating because not a member of the court when the cause was submitted.